

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00043-CR

John David **ALLEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR4900
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: March 6, 2024

DISMISSED

In the clerk's record for this appeal, the trial court's certification states "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." It also contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; Rule 25.2(a)(2) applies. *See* TEX. R. APP. P. 25.2(a)(2).

Under Rule 25.2, if the clerk's record does not contain "a certification that shows the defendant has the right of appeal," this court must dismiss this appeal. *Id.* R. 25.2(d); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

On January 23, 2024, we notified Appellant that this appeal would be dismissed under Rule 25.2(d) unless an amended trial court certification showing that Appellant has the right of appeal was made part of the appellate record by February 22, 2024.  *See* TEX. R. APP. P. 25.2(d), 37.1; *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005); *Daniels v. State*, 110 S.W.3d 174, 176 (Tex. App.—San Antonio 2003, no pet.).  To date, no response has been filed.

Because no response has been filed that contains an amended trial court certification showing that Appellant has the right of appeal, Rule 25.2(d) requires this court to dismiss this appeal.  *See Dears*, 154 S.W.3d at 613; *Daniels*, 110 S.W.3d at 176.  Accordingly, this appeal is dismissed.

PER CURIAM

Do not publish